# EXHIBIT "A"

 **CT Corporation**

**Service of Process Transmittal**
12/07/2021
CT Log Number 540697048

TO: Nicole Kreiger
Kampgrounds Of America, Inc.
550 N. 31ST STREET
BILLINGS, MT 59101-

RE: **Process Served in Tennessee**

FOR: KAMPGROUNDS OF AMERICA, INC. (Domestic State: MT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DOLORES SAUL and WALTER SAUL // To: KAMPGROUNDS OF AMERICA, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21CV732 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/07/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log<br><br>Image SOP<br><br>Email Notification, Nicole Kreiger nkreiger@koa.net<br><br>Email Notification, Jennifer Sletten jsletten@koa.net |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>300 Montvue RD<br>Knoxville, TN 37919<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of 1 / RS

Case 3:22-cv-00005-DCLC-DCP   Document 1-1   Filed 01/04/22   Page 2 of 21   PageID #: 8



CERTIFIED MAIL

9414 7266 9904 2172 3336 60



FIRST-CLASS


US POSTAGE IMI PITNEY BOWES

ZIP 37814
02 7H
0001277251      DEC 02 2021

$ 008.76⁰



THE
TERRY LAW FIRM

PERSONAL INJURY ATTORNEYS

116 East Main Street
PO Box 724
Morristown, TN 37815

Kampgrounds of America, Inc.
RA CT Corporation System
300 Montvue Road
Knoxville, TN 37919-5546

## IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE
## AT SEVIERVILLE

DOLORES SAUL and )
WALTER SAUL, )
          )
      **Plaintiffs,** )
          )
**vs.** )    NO. 21- CV-732 III
          )    **JURY TRIAL DEMANDED**
**PIGEON FORGE /** )
**GATLINBURG KOA HOLIDAY and** )
**KAMPGROUNDS OF AMERICA, INC.,** )
          )
      **Defendants.** )

COPY

## SUMMONS

**To the above-named Defendant: Kampgrounds of America, Inc.**
**Serve: CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546**

      You are hereby summoned and required to serve upon: Gabriel C. Stapleton, Plaintiff's attorney, whose address is P.O. Box 724, Morristown, Tennessee 37815-0724, a true copy of the answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. You will file the original with the Court.

      If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

      Issued this the 24 day of November , 2021, at 12:45 o'clock, P .m.

_Luna Calfee, D.C._ , **Clerk**

**(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)**
## NOTICE

**TO THE DEFENDANT(S):** Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

      Received this _____ day of _____, 2021.

_____Deputy Sheriff

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the ____ day of _____, 2021, I served this summons together with the complaint as follows: _____ or failed to serve this summons within 30 days after its issuance because _____
_____.

_____, Deputy Sheriff

## IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE
## AT SEVIERVILLE

DOLORES SAUL and )
WALTER SAUL, )
)
      Plaintiffs, )
)
vs. )  NO. 21-CV-732 III
)   JURY TRIAL DEMANDED
PIGEON FORGE / )
GATLINBURG KOA HOLIDAY AND )
KAMPGROUNDS OF AMERICA INC. )
)
      Defendants. )

# COMPLAINT

1.    The Plaintiffs, **Dolores Saul and Walter Saul,** bring this civil action against the Defendants, **Pigeon Forge / Gatlinburg KOA Holiday and Kampgrounds of America Inc.**, and file a copy of their Complaint, certified by their attorney as being true and correct for the purpose of accompanying the summons, for damages in an amount of no less than Three Hundred Twenty-Five Thousand Dollars ($325,000).

2.    This cause of action sounds in tort and arises out of an accident that occurred on the Defendants' premises on August 31, 2021, in Sevier County, Tennessee. Specifically, at or around Cabin 321 at the Pigeon Forge / Gatlinburg KOA Holiday located at 3122 Veterans Blvd, Pigeon Forge, Tennessee 37863.

3.    At all times herein material, the Plaintiffs, **Dolores Saul and Walter Saul,** were citizens and residents of North Carolina, residing at 3524 Baltusrol Court in Clayton, North Carolina 27520.

HE TERRY LAW FIRM

ATTORNEYS AT LAW
116 EAST MAIN STREET

POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

-1-

4.      The Defendant, **Pigeon Forge / Gatlinburg KOA Holiday,** is believed to operate a business located at 3122 Veterans Blvd, Pigeon Forge, Tennessee 37863. The Defendant, **Pigeon Forge / Gatlinburg KOA Holiday,** can be served through its registered agent at CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

5.      The Defendant, **Kampgounds of America, Inc.,** is believed to own the property at 3122 Veterans Boulevard, Pigeon Forge, Tennessee 37863. The Defendant, **Kampgounds of America, Inc.,** may be served through its registered agent at CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

6.      On August 31, 2021, the Plaintiff, **Delores Saul,** was an invitee at **Pigeon Forge / Gatlinburg KOA Holiday**. At one point, Ms. Saul was exiting Cabin 321. As she approached the bottom of the steps, she fell, fracturing three (3) bones in her left ankle. Plaintiff, **Delores Saul,** has been seriously and permanently injured as a result of this fall.

7.      The Plaintiff, **Delores Saul**, brings this civil action against the Defendants **Pigeon Forge / Gatlinburg KOA Holiday and Kampgrounds of America Inc.,** for personal injuries and damages, medical bills and expenses which she was caused to receive on or about August 31, 2021, and thereafter.

8.      The husband, **Walter Saul,** brings this civil action against the Defendants for loss of consortium, which he was caused to receive as a result of his wife's injuries.

ㅐE TERRY LAW FIRM

ATTORNEYS AT LAW
116 EAST MAIN STREET

POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37816-0724

-2-

9.    The Plaintiff, **Delores Saul**, brings this civil action against the Defendants, **Pigeon Forge / Gatlinburg KOA Holiday and Kampgrounds of America Inc.,** for injuries which she was caused to receive on or about August 31, 2021. As a result of this accident, **Delores Saul**, has sustained serious and disabling injuries. Said injuries to the Plaintiff have resulted in permanent disability and have impaired her capacity for work, labor, business and the enjoyments and pleasures of life. As a result of these injuries, Plaintiff has incurred and shall continue to incur medical bills as well as pain and suffering.

10.    Plaintiffs assert that at all times material, the Defendant, **Pigeon Forge / Gatlinburg KOA Holiday,** was in the business of renting cabins and campsites to the general public and had a duty to exercise reasonable care for its patrons.

11.    Plaintiffs assert that at all times material, the Defendant, **Kampgounds of America, Inc.,** owned the land on which the Defendant **Pigeon Forge/ Gatlinburg KOA Holiday,** operated its business, and is therefore vicariously liable.

11.    Plaintiffs assert that the Defendants, **Pigeon Forge / Gatlinburg KOA Holiday and Kampgrounds of America Inc.,** their agents and employees were negligent in the following:

a.    By carelessly and negligently allowing the stairs connected to Cabin 321, specifically at the bottom, to have an uneven landing area for patrons exiting Cabin 321.

b.    By carelessly and negligently allowing the concrete area at the bottom of the steps connected to the stairs of Cabin 321 to exist and be constructed in

HE TERRY LAW FIRM
ATTORNEYS AT LAW
116 EAST MAIN STREET
POST OFFICE BOX 724
)RRISTOWN, TENNESSEE
87815-0794

-3-

such a way, so as to create a hazard to pedestrians

   c.  By carelessly and negligently allowing the riser heights and tread depths of the stairs attached to Cabin 321 to be uneven and fall below appliable industry standards and building codes.

   d.  By carelessly and negligently failing to provide lighting for patrons navigating the stairs attached to Cabin 321.

   e.  The Defendants knew or should have known of the hazards and failed to provide any warning to the Plaintiff or other patrons exiting Cabin 321.

   f.  The steps, and area surrounding the steps connected to Cabin 321, violate multiple codes and standards that are applicable in Sevier County, Tennessee. Specifically, the International Building Code, International Building Code, Section 1011, National Fire Protection Association 1194 "Standard for Recreational Vehicle Parks and Campgrounds," and others.

   12.  Plaintiffs aver that the Defendants' breach of duty created an unreasonable risk of injury and was the proximate cause of Plaintiffs' injuries.

   13.  Plaintiffs further allege that the Defendants breached their duty to inspect, manage, and maintain the stairs and walkway surfaces in accordance with industry standards. Plaintiffs allege the Defendants' breach and negligence was also the cause in fact of Plaintiffs' injuries and damages.

   14.  The violation of the aforementioned statutory and common law duties by the Defendants constitute negligence which was a direct and proximate cause of the accident and the injuries and damages sustained by the Plaintiffs.

THE TERRY LAW FIRM

ATTORNEYS AT LAW
116 EAST MAIN STREET

POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

-4-

**WHEREFORE**, the Plaintiffs, **Dolores Saul and Walter Saul,** ask for judgment against the Defendants, **Pigeon Forge / Gatlinburg KOA Holiday and Kampgrounds of America Inc,** in a sum of no less than Three Hundred Twenty-Five Thousand Dollars, ($325,000), and ask for a jury in the trial of this cause.

Respectfully submitted,

_____

Gabriel C. Stapleton, BPR #038102

Of Counsel:

THE TERRY LAW FIRM
116 EAST MAIN STREET
P.O. Box 724
Morristown, TN 37814-0724
423-586-5800 /Fax 423-587-4714
Email: gabe@terry-lawfirm,.com

## <u>COST BOND</u>

We acknowledge ourselves as sureties in this cause for the bill of costs.

_____

Gabriel C. Stapleton

THE TERRY LAW FIRM

ATTORNEYS AT LAW
116 EAST MAIN STREET

POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

-5-

## IN THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE
## AT SEVIERVILLE

DOLORES SAUL and )
WALTER SAUL, )
                         )
                 **Plaintiffs,** )
**vs.** )
                         )
PIGEON FORGE / )
GATLINBURG KOA HOLIDAY and )
KAMPGROUNDS OF AMERICA, INC., )
                         )
                 **Defendants.** )

No. 21-CV-732 III
Jury Trial Demanded

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANTS

Come the Plaintiffs, **Dolores Saul and Walter Saul**, by and through counsel, and, in accordance with Rules 33 & 34 of the Tennessee Rules of Civil Procedure, submits the following First Set of Interrogatories and Requests for Production of Documents to the Defendants, **Pigeon Forge / Gatlinburg KOA Holiday and Kampgrounds of America Inc.**, to be answered within (30) days after the service of same.

## PRELIMINARY MATTERS AND DEFINITIONS

The following interrogatories and requests for production of documents shall be deemed to be continuing, and any information, including any conclusions, opinions, or contentions that are different from those set forth in answers relating in any way to these interrogatories, which the Defendant acquires subsequent to the date of answering these interrogatories and up to and including the date of trial, shall be furnished to the Plaintiff promptly after such information is acquired.

THE TERRY LAW FIRM

ATTORNEYS AT LAW
116 EAST MAIN STREET
POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

1

Answer each Interrogatory. No question is to be left blank. If the answer to an Interrogatory is "none" or "unknown", that must be written as the answer. If the Interrogatory is inapplicable, "N/A" must be written in the answer.

Whenever a date, amount or other computation or figure is requested, the exact date, amount, computation or figure is to be given unless it is unknown. If the exact date, amount, computation or figure is unknown, please give your best estimate or approximation and note that your answer is an estimate or approximation.

If an interrogatory, or a portion thereof, cannot be answered fully, please answer to the extent possible and state the specific reason(s) that a complete answer is not provided. If you object to providing certain information under claim of privilege, please identify the information or documents with sufficient specificity so as to permit the Court to determine the applicability of your asserted objection.

"Person" shall include an individual, corporation, partnership, or any other entity.

"Date" shall include the day, month, and year, if ascertainable, or if not, the best approximation thereof, including its relationship to other events.

The term "document" or "documentary materials" shall include any writing or any other tangible thing (including tape recordings, computer printouts, programs and data banks), of any kind or nature, however produced or reproduced, in the possession of or under the control or right to control of the Defendant herein. The term "documents" shall also include copies of any document, if the copies differ in any

THE TERRY LAW FIRM
ATTORNEYS AT LAW
116 EAST MAIN STREET
POST OFFICE BOX 724
MORRISTOWN, TENNESSEE
37815-0724

2

Case 3:22-cv-00005-DCLC-DCP   Document 1-1   Filed 01/04/22   Page 11 of 21   PageID #: 17

way from the original by reason of additional writing, notations, additions, corrections, deletions, or otherwise.

"Identify", with respect to a person, shall mean to state his or her name, business title, current or last known home and business addresses, telephone number, and if different, the employer, title and business address of such individual at the time he or she participated in the relevant events.

When used in these Interrogatories, the term "defendant" or "you," its pleural or any synonyms thereof, is intended to and shall embrace and include, in addition to the named party, all agents, servants, employees, representatives, and investigators who are in possession of or may have obtained information on behalf of the named party.

"Communication" means any transmission of information by oral, graphic, written, pictorial or otherwise perceptible means, including but not limited to telephone conversations, letters, e-mails, memoranda, telegrams, meetings and personal conversations.

If any of these interrogatories or requests for production are not answered on the basis of privilege, please include in your response to each such interrogatory or request for production a written statement evidencing:

a. The nature of the communication or thing;
b. The date of the communication or thing;
c. The identity of the persons present at such communication; and,
d. A brief description of the communication or thing sufficient to allow the Court to rule on a motion to compel.

Where facts set forth in the answers or portions thereof are supplied on information and belief, rather than upon Defendant's knowledge, it should so state,

THE TERRY LAW FIRM
ATTORNEYS AT LAW
116 EAST MAIN STREET
POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

3

and specifically identify and describe the sources of such information and belief. Should the Defendant be unable to answer any interrogatory or portion thereof by either actual knowledge of upon information and belief, the Defendant should so state in detail its efforts to obtain such knowledge as would enable it to answer said interrogatories or portions thereof.

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify each person who prepared the responses to these interrogatories, each person who was consulted in preparing the responses to these interrogatories, and all other persons who assisted in the preparation of the responses to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2**:  Identify the owner(s) and property manager(s) of the premises at the time of the incident and presently.

**ANSWER:**

**INTERROGATORY NO. 3**:  State when the incident occurred, giving the date, hour, minute, and second as accurately as possible.

**ANSWER:**

**INTERROGATORY NO. 4**:  State whether you exercised control over the premises when the incident occurred.

**ANSWER:**

**INTERROGATORY NO. 5**:  State the time and date when you initially became aware of the incident.

HE TERRY LAW FIRM

ATTORNEYS AT LAW
116 EAST MAIN STREET
POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

4

**ANSWER:**

**INTERROGATORY NO. 6**:  Identify all witnesses known to you who observed the incident or whom you believe or suspect to have knowledge concerning the incident.

**ANSWER:**

**INTERROGATORY NO. 7**:  Identify each and every supervisory employee employed by you as of the date of the incident.

**ANSWER:**

**INTERROGATORY NO. 8**:  Identify each of your employees who were on duty on the day of the incident.

**ANSWER:**

**INTERROGATORY NO. 9**:  State fully and completely, to the best of your knowledge and understanding, how the incident occurred. If your knowledge and understanding were formed from sources other than the Complaint, identify each such source.

**ANSWER:**

**INTERROGATORY NO. 10**:  State fully and completely the location of the incident, giving in your answer precise distances in feet and inches to fixed objects or boundaries by which the location can be most accurately ascertained.

**ANSWER:**

THE TERRY LAW FIRM

ATTORNEYS AT LAW
116 EAST MAIN STREET
POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

5

**INTERROGATORY NO. 11**: Describe each and every action or activity of the Plaintiff as observed by you or any of your employees.

**ANSWER:**

**INTERROGATORY NO. 12**: Describe each and every act, precaution, or procedure taken by you to prevent a trip and fall on the premises prior to the incident.

**ANSWER:**

**INTERROGATORY NO. 13**: Identify all instances within the past five years that you received or became aware of any claim(s) resulting from injuries alleged to have been suffered by any person(s) at the premises and identify each such person(s), the date of each such injury, and all attorneys (if any) who have represented each such person(s).

**ANSWER:**

**INTERROGATORY NO. 14**: Identify all surveillance devices on the premises on the date of the incident.

**ANSWER:**

**INTERROGATORY NO. 15**: List all lawsuits in which you have been named as a defendant within the past five years that arose because of an injury that was alleged to have occurred on the premises.

**ANSWER:**

**THE TERRY LAW FIRM**

ATTORNEYS AT LAW
118 EAST MAIN STREET
POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

6

**INTERROGATORY NO. 16**: Identify all personnel who were responsible for safety and planning on the premises at the time of the incident, including, but not limited to, those personnel responsible for drafting safety protocols.

**ANSWER:**

**INTERROGATORY NO. 17**: State all facts that you believe support the contention that you did not have actual or constructive notice of the condition that is alleged to have caused the incident.

**ANSWER:**

**INTERROGATORY NO. 18**: State whether, during the five-year period prior to the date of this incident and during a one year period subsequent to the date of this incident, any person has reported slipping and/or tripping and/or falling in the vicinity where this incident is alleged to have occurred

**ANSWER:**

**INTERROGATORY NO. 19**: Describe all alterations that were made to the specific area where this incident is alleged to have occurred following the incident.

**ANSWER:**

**INTERROGATORY NO. 20**: Describe all inspections that were made of the area where this incident is alleged to have occurred on the date of the incident, and provide the name(s) of the individual(s) who performed such inspections, list the time of each such inspection, and state whether there is a written log or other documentation referencing each such inspection.

HE TERRY LAW FIRM
ATTORNEYS AT LAW
116 EAST MAIN STREET
POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

7

**ANSWER:**

**INTERROGATORY NO. 21**: Identify all persons who have in any way conducted surveillance of Plaintiff on your behalf since the date of the incident.

**ANSWER:**

**INTERROGATORY NO. 22**: State the name, address, and job title of any and all of your employees or agents who spoke with Plaintiff about the incident.

**ANSWER:**

**INTERROGATORY NO. 23**: Identify each expert witness who you intend to call at trial and with respect to each, state the opinion(s) that will be given and the underlying facts upon which each opinion is based.

**ANSWER:**


## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: Produce all documents that you referred to, referenced, or relied upon in preparing your answers to the interrogatories set forth above.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 2**: Produce all photographs, video recordings, and audio recordings in your possession or control that captured the scene of the incident on the date of the incident or captured Plaintiff's likeness or voice on the date of the incident. For each video recording, produce a copy of the recording

HE TERRY LAW FIRM

ATTORNEYS AT LAW
116 EAST MAIN STREET

POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

8

depicting the scene of the incident for two hours prior to the incident and two hours subsequent to the incident.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 3**: Produce each and every incident report relating to an injury at the premises that occurred during the past five years, including any report that was completed in relation to the incident.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 4**: Produce each and every document and communication evincing your knowledge that any persons, including any of your employees, were injured at the premises during the past five years.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 5**: Produce a copy of your staffing schedule on and for the date of the incident.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 6**: Produce a copy of each and every document and communication indicating that disciplinary actions were taken against any of your employees or agents for their actions, omissions, or violations of policy or procedure in connection with the incident.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 7**: Produce all manuals, policies, procedures, rules, directives, training programs, or the like regarding customer safety

HE TERRY LAW FIRM
ATTORNEYS AT LAW
116 EAST MAIN STREET
POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

9

Case 3:22-cv-00005-DCLC-DCP   Document 1-1   Filed 01/04/22   Page 18 of 21   PageID #: 24

on the premises and/or the prevention of slip and falls on the premises and/or the removal of any objects from the premises floor that may present a tripping hazard.

ANSWER:

**REQUEST FOR PRODUCTION NO. 8**:  Produce diary(ies), log book(s) or similar written record(s) of day-to-day happenings on the premises maintained by you for the day of the incident.

ANSWER:

**REQUEST FOR PRODUCTION NO. 9**:  Produce all documents and logs that show the time and date any employee conducted an inspection and/or "safety sweep" at any time on the day of the incident of the area where the incident is alleged to have occurred.

ANSWER:

**REQUEST FOR PRODUCTION NO. 10**:  Produce a copy of your employee handbook.

ANSWER:

**REQUEST FOR PRODUCTION NO. 11**:  Produce each and every document related to any investigation regarding the incident.

ANSWER:

**REQUEST FOR PRODUCTION NO. 12**:  Produce any document that shows that any corporate name, other than the names of any of the parties that are already

THE TERRY LAW FIRM

ATTORNEYS AT LAW
116 EAST MAIN STREET
POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

10

parties to this suit, is the proper party to be sued for the acts of negligence alleged by Plaintiff in the Complaint.

ANSWER:

**REQUEST FOR PRODUCTION NO. 13**:  Produce each and every document and communication that identifies individuals who you have contacted as potential witnesses.

ANSWER:

**REQUEST FOR PRODUCTION NO. 14**:  Produce all e-mails and internal memoranda sent or received by you that mentions, references, or alludes to the incident.

ANSWER:

**REQUEST FOR PRODUCTION NO. 15**:  Produce all documents that refer to or describe any repairs, replacements, or alterations that were made to the specific area where the incident is alleged to have occurred following the incident.

ANSWER:

**REQUEST FOR PRODUCTION NO. 16**:  Produce all statements given to you by any person regarding the incident.

ANSWER:

**REQUEST FOR PRODUCTION NO. 17**:  Produce each and every non-privileged document in your possession that in any way refers or relates to the incident that has not been produced in response to any of the above requests.

**HE TERRY LAW FIRM**

ATTORNEYS AT LAW
116 EAST MAIN STREET

POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

11

Case 3:22-cv-00005-DCLC-DCP   Document 1-1   Filed 01/04/22   Page 20 of 21   PageID #: 26

**ANSWER:**

Respectfully submitted,

_____
Gabriel C. Stapleton, BPR #038102

Of Counsel:

THE TERRY LAW FIRM
116 EAST MAIN STREET
P.O. Box 724
Morristown, TN 37814-0724
423-586-5800 /Fax 423-587-4714
Email: gabe@terry-lawfirm,.com

## CERTIFICATE OF SERVICE

A true and exact copy of the foregoing First Set of Interrogatories and Request for Production of Documents has been served on the Defendants, **Pigeon Forge / Gatlinburg KOA Holiday and Kampgrounds of America, Inc.,** with service of the Complaint, this the 22nd day of ~~December~~ Nov., 2021.

_____
Gabriel C. Stapleton

THE TERRY LAW FIRM

ATTORNEYS AT LAW
116 EAST MAIN STREET

POST OFFICE BOX 724
ORRISTOWN, TENNESSEE
37815-0724

12